# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9352 | **DATE** | 8/19/2003 |
| **CASE TITLE** | | Mehta vs. NW Memorial Hosp | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Case called for status. Defendant's counsel appeared. Plaintiff's counsel did not appear. Enter Report and Recommendation. See reverse of minute order. All matters relating to the referral of this action being resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | number of notices | | Document Number |
| ✓ | Notices mailed by judge's staff. | AUG 20 2003 | | |
| | Notified counsel by telephone. | date docketed | | 11 |
| | Docketing to mail notices. | docketing deputy initials | | |
| | Mail AO 450 form. | 8/19/2003 | | |
| ✓ | Copy to judge/magistrate judge. | date mailed notice | | |
| SRB | courtroom deputy's initials | SB7 mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK
03 AUG 19 PM 6:12
FILED FOR DOCKETING
Date/time received in
central Clerk's Office

# ORDER

### REPORT AND RECOMMENDATION

This matter was scheduled for a settlement conference, by agreement of the parties, to be held July 21, 2003. On July 21, 2003, attorney for the defendant appeared but plaintiff's attorney failed to appear for the settlement conference; on that date this court ordered a status hearing for August 19, 2003 at 9:30 a.m. In the July 21, 2003, Order we admonished plaintiff that failure to appear at the ordered status hearing would result in this court recommending that the case be dismissed for want of prosecution. The July 21, 2003, Order further required the parties to serve written discovery by July 28, 2003 and make their Initial Disclosures, under Fed.R.Civ.P 26(a)(1), by August 5, 2003.

On August 19, 3003, defendant's attorney appeared at the ordered status hearing, but plaintiff's attorney again failed to appear, ignoring our July 21, 2003, admonishment and warning. At this hearing defendant reported that it had complied with the court's order on written discovery and that it served its Fed.R.Civ.P. 26(a)(1) Initial Disclosures upon plaintiff. Defendant further reported that plaintiff had not complied with our July 21, 2003 Order in that she had failed to serve her Fed.R.Civ.P. 26(a)(1) disclosures on defendant. Additionally, plaintiff failed to issue any written discovery.

Accordingly, it is respectfully recommended that this matter be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2) and 41(b) by reason of plaintiff's failure to comply with the court's orders relating to discovery, failure to appear at court ordered hearings, and failure to prosecute her case.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. Fed.R.Civ.P. 72; *Thomas v. Arn*, 474 U.S. 140 (1985); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 330 (7th Cir. 1989).

*Edward A. Bobrick*